# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| TINA M. SPAGNOLA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CASE NO. 09-cv-396-JPG-PMF |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Plaintiff, Tina M. Spagnola, seeks judicial review of a final decision of the Commissioner of Social Security denying her March, 2006, application for supplemental security income. An Administrative Law Judge (ALJ) denied Spagnola's application after finding that she was not disabled. That decision became final when the Appeals Council declined to review the ALJ's decision. Judicial review of the Commissioner's final decision is authorized by 42 U.S.C. § 405(g) and 42 U.S.C. §1383(c)(3).

### I. Standard of Review

To receive supplemental security income, a claimant must be "disabled." A disabled person is one whose physical or mental impairments result from anatomical, physiological, or psychological abnormalities which can be demonstrated by medically acceptable clinical and laboratory diagnostic techniques and which prevent the person from performing previous work and any other kind of substantial gainful work which exists in the national economy. 42 U.S.C. §§ 1382c(a)(3)(B), 1382c(a)(3)(D).

The Social Security regulations provide for a five-step sequential inquiry that must be followed in determining whether a claimant is disabled. 20 C.F.R. § 416.920. The Commissioner must determine in sequence: (1) whether the claimant is currently working; (2) whether the claimant has a severe impairment; (3) whether the impairment meets or equals one listed by the Commissioner; (4) whether the claimant retains the capacity to perform his or her past work; and (5) whether the claimant is capable of making an adjustment to any other work. 20 C.F.R. § 416.920. At the last step, the burden of proof shifts from the claimant to the Commissioner. *Young v. Secretary of Health and Human Services*, 957 F.2d 386, 389 (7th Cir. 1992).

Under the Social Security Act, a court must sustain the Commissioner's findings if they are supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "more than a mere scintilla" of proof. The standard is satisfied by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Butera v. Apfel*, 173 F.3d 1049, 1055 (7th Cir. 1999). Because the Commissioner of Social Security is responsible for weighing the evidence, resolving conflicts in the evidence, and making independent findings of fact, this Court may not decide the facts anew, reweigh the evidence, or substitute its own judgment for that of the Commissioner. *Id*. However, the Court does not defer to conclusions of law, and if the Commissioner makes an error of law or serious mistakes, reversal is required unless the Court is satisfied that no reasonable trier of fact could have come to a different conclusion. *Sarchet v. Chater*, 78 F.3d 305, 309 (7th Cir. 1996).

## II.     Background

Spagnola was formally educated through grade 11 and is working toward her general equivalence degree. She has not required special education courses. She had received no specialized vocational training. She has prior experience working as a nursing home attendant,

telemarketer, janitor, assistant manager, inventory specialist, materials handler, screen printer, and food service worker. She lost her last job when her employer discovered her criminal history.

The ALJ evaluated Spagnola's application through Step 5 of the sequential analysis. She concluded that Spagnola's physical impairments (chronic obstructive pulmonary disease, degenerative joint disease of the left shoulder) and mental impairments (polysubstance abuse, personality disorder) did not combine to meet or equal one of the impairments listed in the Social Security regulations. The ALJ also found that Spagnola retained the ability to perform a limited range of light work. At the last step, the ALJ decided that Spagnola could make a vocational adjustment to a significant number of cleaner, housekeeper, quality control, and office helper jobs (R. 69-84). At the time of the ALJ's final decision, Spagnola was 45 years old.

### III. ALJ Assessment of Mental Residual Functional Capacity

Spagnola challenges as unsupported the ALJ's finding that she retained the mental ability to perform unskilled work in positions where she (1) would have occasional interaction with supervisors, coworkers, and members of the public and (2) would not be expected to meet stringent speed or production requirements. Spagnola maintains that this finding did not properly take into account the opinions reached by Dr. Harry Deppe, an examining psychologist, regarding the impact of her mental ailments. The Commissioner maintains that the ALJ's residual functional capacity assessment is consistent with Dr. Deppe's report and opinions.

Dr. Deppe performed a psychological examination on June 26, 2006. After he considered Spagnola's personal history and performed a mental status examination, Dr. Deppe diagnosed drug dependence in full or partial remission, a history of cannabis abuse, and a personality disorder. He rated the level of Spagnola's global functioning at 60[1] and also rated her ability to perform work activities:

---

[1] The Global Assessment of Functioning Scale describes psychological, social, and occupational functioning on a hypothetical scale. A score of 60 reflects moderate symptoms or moderate difficulty in social, occupational, or school functioning. American Psychiatric Association, *Diagnostic and Statistical Manual of Mental Disorders* 34(rev. 4th ed. 2000).

<mark>-3-</mark>

1. Ability to relate to others, including fellow workers and supervisors: **Only fair**.

2. Ability to understand and follow simple instructions: **Fair**.

3. Ability to maintain attention required to perform simple, repetitive tasks: **Fair**.

4. Ability to withstand the stress and pressures associated with a day-to-day work activity: **Fair**

Dr. Deppe noted in his report that Spagnola had no difficulty staying on task for purposes of his evaluation (R. 304-307).

The ALJ considered the opinion evidence from Dr. Deppe and gave his opinions significant weight (R. 79-80).

In suggesting that Dr. Deppe's "fair" and "only fair" ratings are not consistent with the ALJ's functional capacity assessment, plaintiff directs the Court to *Stewart v. Astrue*, 56 F.3d 679 (7th Cir. 2009). In that case, an ALJ posed a hypothetical question to a vocational expert without accounting for all of the claimant's mental limitations. The Commissioner responds that a more recent decision permits ALJs to accommodate mental limitations by restricting the vocational base to unskilled work. *Silila v. Astrue*, 575 F.3d 503, 521-22 (7th Cir. 2009). Because plaintiff is challenging the support for the ALJ's functional capacity assessment, these decisions are not particularly helpful. Residual functional capacity is the ALJ's assessment of the most a claimant can do despite limitations caused by medically determinable physical and mental impairments. 20 C.F.R. § 416.945(a). ALJs make a residual functional capacity assessment after considering all the relevant evidence in the case record. *Id*.

The ALJ properly considered Dr. Deppe's "fair" and "only fair" ratings, which do not necessarily point to a finding that Spagnola experienced severe or marked limitations from her substance dependence and personality disorder. A rating of fair is open to interpretation. In these

circumstances, the ALJ rationally viewed Dr. Deppe's ratings as consistent with an ability to perform a limited range of unskilled work. The body of Dr. Deppe's report provides enough insight to lead a reasonable ALJ to that conclusion. In particular, Dr. Deppe reported that Spagnola was preparing to take her GED examination. Also, she displayed "no difficulty" staying on task. At the time of the examination, Spagnola was working as a dishwasher. These factors rationally permit the inference that Dr. Deppe's rating of "fair" meant that she could meet the mental demands of such work tasks in a manner that would be considered adequate. Additionally, Dr. Deppe gave Spagnola a GAF rating of 60, which reflects his opinion that her symptoms were moderate at the borderline with mild (R. 79-80, 304-307). In these circumstances, the ALJ was not required to interpret Dr. Deppe's ratings as an opinion that Spagnola lacked the mental ability to perform the mental tasks associated with a restricted range of unskilled work.

Plaintiff also argues that the ALJ erred by rejecting opinions by Dr. Elsamahi, a physician's assistant. She maintains that the ALJ's evaluation of this evidence is inconsistent with Social Security Ruling 06-3p and 20 C.F.R. § 416.927(d). Those authorities explain how ALJs evaluate opinions provided by medical sources that do not qualify as acceptable medical sources. The Commissioner maintains that the ALJ explained her analysis of Dr. Elsamahi's opinions and was not required to defer to opinions voiced by a physician's assistant who pretended to be a psychiatrist.

In some circumstances, ALJs might afford great weight to the opinion of someone who is not an acceptable medical source or a treating medical source. Social Security Ruling 06-3p. A list of factors warranting consideration are enumerated in 20 C.F.R. § 416.927(d).

Spagnola received care from a physician's assistant who practiced beyond the scope of his license. *Illinois Department of Financial and Professional Regulation News* (July 30, 2009).[2] The

---

[2] Although Dr. Elsamahi is a doctor, he is not a medical doctor. He received his Ph.D in philosophy. *See Phillips v. Astrue*, No. 10-1898, pp. 3,9 (7th Cir. Dec. 23, 2010).

- 5 -

ALJ considered Dr. Elsamahi's opinions in light of his own treatment records and other evidence. She adequately explained why some of Dr. Elsamahi's opinions were not reliable and were given significantly reduced weight (R. 78-82). On review of the materials and the ALJ's discussion, the Court is not persuaded that the ALJ's analysis of Dr. Elsamahi's opinions violates the applicable legal standard.

Plaintiff also argues that the ALJ failed to evaluate the testimony of a lay witness and relative, Ms. Copeland. Spagnola had lived in Ms. Copeland's home for a short period of time and Ms. Copeland found Spagnola's behavior difficult to tolerate. She described moodiness, apparent auditory hallucinations, and difficulty following rules and instructions. Ms. Copeland thought Spagnola needed assistance, reminders, and supervision in normal daily activities (R. 111-15).

ALJs have an obligation to consider evidence provided by such non-medical sources. SSR 06-03p, SSR 96-7p. The Court, having reviewed Ms. Copeland's testimony and the ALJ's discussion, finds no error in the analysis of that evidence (R. 77). Although Ms. Copeland was able to relate lay impressions of Spagnola's mental needs and abilities, she did not have a clear understanding of Spagnola's mental ailments.

## IV. Conclusion

IT IS RECOMMENDED that the Commissioner's final decision denying Tina M. Spagnola's March, 2006, application for supplemental security income be AFFIRMED.

SUBMITTED:  June 20, 2011  .

   S/Philip M. Frazier  
**PHILIP M. FRAZIER**  
**UNITED STATES MAGISTRATE JUDGE**